# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| SHERRELL DOWDELL-MCELHANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 4:20-CV-00289-CDL |
| GLOBAL PAYMENTS INC. AND TOTAL SYSTEM SERVICES, INC./TSYS | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT TOTAL SYSTEM SERVICES, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Total System Services, LLC (misidentified as Total System Services, Inc./TSYS), "TSYS," pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, submits this Brief in Support of its Motion to Dismiss Plaintiff Sherrell Dowdell-McElhaney's ("McElhaney") Amended Complaint.[1]

---

[1] On November 20, 2020, McElhaney filed a Complaint alleging discrimination and retaliation on the basis of various protected categories and numerous statutes. (ECF No. 1). McElhaney never served the Complaint, but instead filed an Amended Complaint on November 23, 2020 (ECF No. 5) and served it on TSYS on November 30, 2020. Global Payments Inc. has not been served. TSYS moves to dismiss her Amended Complaint, which superseded her original Complaint.

## **INTRODUCTION**

McElhaney's Amended Complaint alleges a hodgepodge of discrimination and retaliation claims based on race, gender, age, and disability, and alleges violation of an array of federal laws and constitutional provisions – all of which should be dismissed as a matter of law. The pleading constitutes an impermissible shotgun pleading, as the thin factual allegations are not linked to particular claims. Nevertheless, there is enough detail to demonstrate that certain claims are not actionable. This Brief addresses three issues:

1. A Court's authority to hear claims subject to the Equal Employment Opportunity Commission's ("EEOC") administrative process is limited to those issues raised in a Charge of Discrimination ("EEOC Charge") or logically growing out of the allegations in the EEOC Charge. Here, McElhaney filed one EEOC Charge asserting only age discrimination as a result of not being selected for a specific team in her department. She did not assert claims on any other protected category or factual scenario. Should her claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and the Age Discrimination in Employment Act of 1967 ("ADEA") not raised in her EEOC Charge be dismissed for failure to exhaust administrative remedies?

2. A charging party has 90 days – and only 90 days – after the EEOC's Dismissal of the EEOC Charge to file a lawsuit. McElhaney failed to file within 90 days from receiving the Dismissal. Should her age discrimination claim (i.e., the only claim raised in her EEOC Charge) be dismissed as time-barred?

3. A Complaint must allege sufficient factual matter to support a claim for relief, and those facts must be connected to a particular cause of action. The Amended Complaint asserts various wrongdoings, often as to other individuals, without making clear the wrongs supposedly done to McElhaney because of *her* race or other protected characteristic. Should McElhaney's remaining claims (under 42 U.S.C. § 1981, other federal laws, and constitutional provisions) be dismissed?

Each of these questions should be answered in the affirmative, and all of McElhaney's claims should be dismissed.

## I. STATEMENT OF FACTS

McElhaney, a 55-year-old African-American woman, was formerly employed by TSYS as a Fraud Analyst II from approximately February 28, 2016 until the termination of her employment on November 18, 2020. (Amended Complaint ("Compl.") ¶ 3). During the course of her employment, McElhaney filed her EEOC Charge on September 16, 2019 alleging that TSYS failed to select her for the First Party Fraud Team based on her age in violation of the ADEA. (*See* McElhaney's

EEOC Charge, attached hereto as Exhibit A).[2] McElhaney raised no basis for any other claim and does not allege she filed another EEOC Charge (Compl. ¶ 17).

The EEOC investigated her EEOC Charge and issued a Dismissal and Notice of Right to Sue letter on August 21, 2020. (*See* Dismissal and Notice of Right to Sue on August 21, 2020, attached hereto as Exhibit B; Compl. ¶ 19).[3] The letter explicitly stated that she had to "file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. [McElhaney's] lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." (Exhibit B). Thus, McElhaney's opportunity to file a lawsuit on the allegation contained in her EEOC Charge expired 90 days later on November

---

[2] Consideration of the EEOC Charge and the EEOC's Notice of Right to Sue is proper in ruling on TSYS's Motion to Dismiss here because they are "(1) central to the plaintiff's claim, and (2) [their] authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec.*, 600 F.3d 1334, 1337 (11th Cir. 2010). The Amended Complaint makes repeated reference to the EEOC Charge and the Notice (making it central to her claims), and both Plaintiff and TSYS received the same forms (meaning a challenge to authenticity is unlikely). Nevertheless, TSYS does not wish to convert its Motion to Dismiss into a motion for summary judgment or a motion for judgment on the pleadings; therefore, if the Court finds that it cannot properly consider the EEOC Charge and the Notice without so converting the Motion to Dismiss, TSYS asks that the Court disregard those documents and limit its analysis to the allegations on the face of the Amended Complaint. *See Hill for Credit Nation Capital, LLC v. Duscio*, 292 F. Supp. 1370, 1373 n. 2 (N.D. Ga. 2018).

[3] McElhaney inaccurately states that the Notice of Right to Sue included claims under Title VII, the ADA, GINA, the ADEA, and the Equal Pay Act. (Compl. ¶ 19). To the contrary, while the Notice includes information on multiple types of claims, the Notice is limited to the scope of her EEOC Charge.

4

19, 2020. McElhaney did not initiate the instant action until November 20, 2020. (ECF No. 1).

On November 18, 2020, and well over a year after McElhaney filed her EEOC Charge, TSYS terminated McElhaney's employment (Compl. ¶ 3). Then, just two days later, on November 20, 2020, McElhaney filed the instant action against Defendants alleging, *inter alia*, that she was discriminated against based on race, gender, age, and disability, and retaliated against in violation of various federal laws. Three days later, McElhaney amended her Complaint to include additional retaliation references.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a complaint can be dismissed if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007) (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). The "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is ... exceedingly low[, but not nonexistent]." *See Sheffield v. Winter*, No. 1:09-CV-44 (WLS), 2011 WL 13183084, at *6 (M.D. Ga. Sept. 30, 2011).

> **B.  McElhaney's claims subject to EEOC jurisdiction that were not included in her EEOC Charge should be dismissed because McElhaney failed to exhaust her administrative remedies.**

In employment discrimination actions, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination." *Alexander v. Fulton County*, 2017 F.3d 1303,1332 (11th Cir. 2000); *see also Williamson v. Int'l Paper Co.*, 85 F.Supp.2d 1184, 1195 (S.D. Ala. 2000) ("The starting point for determining the permissible scope of a judicial complaint is the administrative charge and investigation.") The purpose of this exhaustion requirement is "that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts."

6

*Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). While courts have allowed judicial claims if they "amplify, clarify, or more clearly focus" the allegations in the EEOC Charge, courts have "cautioned that allegations of new acts of discrimination are inappropriate." *See Hicks-Washington v. Hous. Auth. of City of Fort Lauderdale*, 803 F. App'x 295, 301 (11th Cir. 2020), cert. denied, No. 20-95, 2020 WL 5883356 (U.S. Oct. 5, 2020) (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

Accordingly, new acts of discrimination that are made for the first time in a judicial complaint are inappropriate and should be dismissed for failure to exhaust administrative prerequisites. *See*, *e.g. Mullhall v. Advance Security, Inc.*, 19 F.3d 586, 589, n.8 (11th Cir. 1994); *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 928-29 (11th Cir. 1983). In addition to the discrimination claims under Title VII and the ADA that are not even mentioned in McElhaney's EEOC Charge, there are no retaliation claims under the ADEA that could have "grown out of" her EEOC Charge. Her termination, which occurred over a year after her EEOC Charge and months after the EEOC Charge was closed, is a new and discrete act which is inappropriate to raise for the first time in a judicial complaint. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 2073, 153 L.Ed.2d 106 (2002) ("Each incident of discrimination and each retaliatory adverse

7

employment decision constitutes a separate actionable 'unlawful employment practice'").

Here, McElhaney's EEOC Charge specifically enumerated one claim of discrimination based on age. (Exhibit A). This one claim is based on a single event – McElhaney not being selected for the First Party Fraud Team. (Id.) Conversely, McElhaney's Amended Complaint alleges, for the first time, that she was discriminated against on the basis of race, sex (including gender and equal pay), and disability, and she was subjected to retaliation in violation of Title VII, the ADA, and the ADEA. (Compl. ¶¶ 1, 14-21, and 26; ECF No. 5-2).[4] None of these new claims are actionable because McElhaney failed to include them in her EEOC Charge.

Moreover, as an attachment to her Amended Complaint, McElhaney includes an 11-page letter that is dated prior to her filing an EEOC Charge. (ECF No. 5-2). This letter includes a hodgepodge of "discrimination" claims and her conjectures about nepotism, favoritism, and unprofessionalism in the workplace. The Court should disregard McElhaney's attachment. As a general matter, an inquiry or intake

---

[4] In her Amended Complaint, McElhaney mentions, in passing, the Genetic Information Nondiscrimination Act ("GINA") and the Equal Pay Act ("EPA"). Although there are no factual allegations concerning these claims, Defendants will note that if any such claims were raised by McElhaney, she failed to exhaust her administrative prerequisites for such claims and/or failed to allege a single fact with sufficient specificity to give rise to such claims.

questionnaire is not a formal charge. *See Hicks-Washington*, 803 F. App'x at 301 (finding plaintiff's pre-charge inquiry not a charge, where plaintiff later filed timely charge and EEOC did not begin investigation until after formal charge).

Notably, McElhaney filed a formal EEOC Charge alleging age discrimination *after* sending her initial letter. (Exhibit A; ECF No. 5-2). Thus, McElhaney knowingly limited the EEOC's investigation to her sole age discrimination claim. Accordingly, McElhaney failed to exhaust the administrative prerequisites for asserting any claim but age discrimination, and her other claims subject to administrative exhaustion should be dismissed as a matter of law. *See Hicks*, 803 F.App'x at 301 (finding plaintiff failed to exhaust administrative remedies with respect to claims other than age discrimination, and she could not bring her Title VII claims for race, color, or sex discrimination in federal court).

### C. McElhaney's claim of age discrimination should be dismissed as time-barred.

The ADEA requires that a claimant file a lawsuit no more than 90 days after receiving a notice of right to sue.[5] Here, McElhaney admits to receiving the Notice

---

[5] Courts liberally construe the filings of *pro se* parties; however, *pro se* parties are required to comply with procedural rules, including statutes of limitations. *See Tucker v. United States*, 724 F. App'x 754, 756-58 (11th Cir. 2018) (internal citations omitted). ("[P]ro se litigants, like all others, are deemed to know of the ... statute of limitations."). The ninety-day deadline is strict. *See Santini v. Cleveland Clinic Fla.*, 232 F.3d 823 (11th Cir. 2000) ("Title VII ... actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge.").

of Right to Sue via email from the EEOC on August 21, 2020. (Compl. ¶ 19) ("On August 21, 2020, via email the EEOC issued Notice of Rights to Sue…"). Thus, McElhaney's deadline to file a lawsuit was November 19, 2020. McElhaney's initial Complaint, filed on November 20, 2020, was therefore untimely and is barred. (ECF No. 1). *See Norris v. Fla. Dep't of Health and Rehabilitative Servs.*, 730 F.2d 682, 683 (11th Cir. 1984) (rejecting as untimely a complaint filed ninety-one days after receiving notice of the right to sue); *Rankin v. Sheraton Atlanta Hotel*, 2011 WL 7068923, at (N.D. Ga. 2011) (dismissing the plaintiff's complaint which was filed 91 days after receipt of the Notice of Right to Sue letter).

### D. McElhaney's remaining claims should be dismissed as lacking sufficient factual matter or for being a shotgun pleading.

A plaintiff is obligated to provide the grounds for an entitlement to relief, and that obligation requires more than labels and conclusions – a formulaic recitation of the elements of a cause of action will not do. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (citing *Twombly* 550 U.S. at 555, 127 S.Ct. at 1964–65). The Amended Complaint contains a great deal of "formulaic recitations" and generalized grievances, including events in the attachment affecting individuals other than McElhaney. The allegations as to her are not linked to a particular claim and do not support legal relief.

In addition to the ADEA, Title VII, and ADA claims addressed above, the Amended Complaint alleges that McElhaney's rights were violated under the 13th

10

Amendment, the Civil Rights Act of 1871, and 42 U.S.C. § 1983. McElhaney has raised no factual allegations that she was enslaved or subject to involuntary servitude; discriminated against under the color of state law; or deprived of a constitutional right by a state or local government official. Accordingly, such claims must be dismissed as lacking factual support. *Twombly* 550 U.S. at 546.

To the extent McElhaney's Amended Complaint can be read to include a claim pursuant to 42 U.S.C. § 1981 ("Section 1981") based on race discrimination or retaliation, McElhaney has failed to plead sufficient facts to support such claims – or, at least, sufficient facts in a way that allows TSYS to discern which allegations are connected to such a claim.[6] Instead, the Amended Complaint amalgamates mere recitation of causes of action, references the alleged treatment of other employees unrelated to her, and does not allege facts specific enough to support a race discrimination or retaliation claim.[7] Thus, the Court should grant Defendants' Motion and dismiss McElhaney's Amended Complaint.

---

[6] The Court should note that in "shotgun pleading" fashion, Plaintiff only mentions Section 1981 once in her Amended Complaint, not as a count or claim, but to invoke jurisdiction and venue – again, demonstrating why her claims should be dismissed as a matter of law.

[7] Any arguable retaliation claim must fail. McElhaney claims she was "wrongfully terminated within two (2) days of filing her Complaint." (Compl. ¶ 4.) However, McElhaney was terminated two days *before* filing her initial Complaint. As she notes, her termination occurred on November 18, 2020, and she filed her lawsuit two days later on November 20, 2020. (Compl. ¶¶ 3-4; ECF No. 1).

### *1.     The Amended Complaint amounts to an impermissible shotgun pleading.*

A pleading fails to comply with Rule 8's pleading standards if it is a shotgun pleading, which makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Peavey v. Black*, 476 F. App'x 697, 699 (11th Cir. 2012) (quoting *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996)). Shotgun pleadings include those "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and those which fail to "separat[e] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Where a complaint fits one of these descriptions, the district court should dismiss it on the basis that it is a shotgun pleading. *Jackson*, 898 F.3d at 1357 (citing *Weiland*, 792 F.3d at 1320); *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (explaining that "[i]t is not the [Court's] proper function ... to parse out such incomprehensible allegations" and that instead "the district court that receives a shotgun pleading should strike it"); *see also Vibe Micro*, 878 F.3d at 1295 ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").

---

Therefore, TSYS could not have retaliated against her prior to the protected activity of filing a lawsuit.

The Amended Complaint and its attachment contain a mish-mash of factual allegations – some about McElhaney, but many about other employees – without connecting them to any particular claim (including any Section 1981 claim), and it fails to separate into discrete claims the various legal theories mentioned sporadically throughout its pages.[8]  Thus, it is a shotgun pleading under Eleventh Circuit standards and should be dismissed.

### 2. *McElhaney's claims lack the specificity needed for TSYS to respond to them.*

While a complaint challenged under Rule 12(b)(6) does not need detailed factual allegations, it must state a plausible claim for relief.  *Twombly* 550 U.S. at 555, 127 S.Ct. at 1964. Many of McElhaney's allegations (in both the Amended Complaint and in the attachment) amount to empty recitations of discrimination and

---

[8] The Amended Complaint is made more difficult to parse – adding proof of its shotgun quality – because of the extensive allegations regarding the experiences of other people. The attachment to the Amended Complaint (ECF No. 5-2), if it is considered at all, is replete with events relating to other employees, with no explanation of how these events involved or negatively affected McElhaney's employment or how they relate to any particular claim.  Moreover, the material in the attachment often characterizes behavior in ways that do not amount to discrimination – favoritism because of parent or spouse relationships, doing homework on the job, being a troublemaker, and going to church with a recruiter. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." *Madison v. Dep't of Juvenile Justice*, No. 118CV00484TWTJFK, 2018 WL 4214421, at *4 (N.D. Ga. Aug. 13, 2018), report and recommendation adopted, No. 1:18-CV-484-TWT, 2018 WL 4078436 (N.D. Ga. Aug. 27, 2018), appeal dismissed, No. 18-13948-DD, 2018 WL 7823872 (11th Cir. Nov. 13, 2018).

retaliation, without any substantive factual support or clarity about the protected characteristic at issue.  For example:

- In Paragraph 11, McElhaney contends she began to be harassed, bullied intimidated, and retaliated against for seeking a better position, but she provides no specific examples of such alleged treatment (only claiming generally that she applied for numerous positions and was not selected) and she fails to indicate whether the supposed harassment, etc. was based on a particular protected category, such as race.

- In Paragraph 16, McElhaney alleges she was excluded from various opportunities or otherwise adversely affected because of her age, race, gender, and disability, which resulted in harassment, bullying, intimidation, and retaliation.  Again, no specific examples of such treatment are provided.

- In Paragraph 18, she claims TSYS subjected her to a hostile and toxic work environment, without identifying any examples of such treatment or indicating if the environment was allegedly due to race or some other characteristic.

These bare allegations do not apprise TSYS of the basis for her alleged claims, and deprive TSYS of a meaningful opportunity to respond to her claims. That is the ultimate purpose of Rule 8's pleading requirements, and the Amended Complaint falls short.  *Twombly* 550 U.S. at 555, 127 S.Ct. at 1964.

## **CONCLUSION**

For all of the reasons set forth above, TSYS respectfully requests that the Court enter an order granting this Motion to Dismiss; dismissing McElhaney's Amended Complaint with prejudice; and granting Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/Pamela E. Palmer*
Patrick L. Lail
Georgia Bar No. 431101
Pamela E. Palmer
Georgia Bar No. 882599
ELARBEE, THOMPSON, SAPP &
WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
lail@elarbeethompson.com
palmer@elarbeethompson.com
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| SHERRELL DOWDELL-MCELHANEY, ) ) ) Plaintiff, ) ) v. ) ) GLOBAL PAYMENTS INC. AND ) TOTAL SYSTEM SERVICES, ) INC./TSYS ) ) Defendants. ) | CIVIL ACTION NO. 4:20-CV-00289-CDL |

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th of December 2020, I have filed the foregoing Defendant Total System Services, LLC's Brief in Support of its Motion to Dismiss electronically with the Clerk of Court using the CM/ECF system and served via U.S. Mail a copy to:

**Sherrell Dowdell-McElhaney**
**3917 Pond View Court**
**Columbus, Georgia 31907**

*s/ Pamela E. Palmer*
Pamela E. Palmer
Georgia Bar No. 882599