```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

SHERRELL DOWDELL-McELHANEY,  *

    Plaintiff,  *

vs.  *

        CASE NO. 4:20-CV-289 (CDL)

GLOBAL PAYMENTS INC. and TOTAL  *
SYSTEMS SERVICES, LLC,

    *

    Defendants.

    *

O R D E R

Sherrell Dowdell-McElhaney alleges that her former employer discriminated against her based on her age, race, sex, and disability. Defendants Global Payments Inc. and Total Systems Services, LLC ("TSYS") seek partial judgment on the pleadings, arguing that Dowdell-McElhaney did not fully exhaust her administrative remedies before bringing this action and that some of her claims are untimely. For the following reasons, the Court grants in part and denies in part Defendants' motion for partial judgment on the pleadings (ECF No. 41).

JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). In evaluating a

motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

FACTUAL ALLEGATIONS

Dowdell-McElhaney worked for TSYS as a customer service representative and fraud analyst.[1] In May 2019, her managers created a new First Party Fraud Team. Dowdell-McElhaney was not selected for the Team. She filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that she was not selected because of her age. She stated specifically that "everyone selected for the team [was] outside of the protected age group." Pl.'s 1st Charge of Discrimination 1, ECF No. 41-2. She provided no other facts in that Charge and did not allege discrimination on any basis other than age. She subsequently initiated this action against Defendants, asserting claims under

---

[1] Global Payments, Inc. acquired TSYS in September 2019.

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff *et seq.* The Court previously dismissed the Title VII, ADA, and GINA claims for failure to exhaust administrative remedies based on that Charge. *Dowdell-McElhaney v. Glob. Payments, Inc.*, No. 4:20-CV-289 (CDL), 2021 WL 5413971, at *7 (M.D. Ga. Apr. 8, 2021). Only the ADEA claim remained pending.

After the Court dismissed Dowdell-McElhaney's other claims, she filed a second Charge of Discrimination with the EEOC on April 27, 2021, checking the boxes for race, sex, and disability discrimination and retaliation. She alleged that she was denied promotions, wrongfully discharged, punished harshly for a "slight" error, and subjected to a discriminatory and retaliatory hostile work environment. Pl.'s 2d Charge of Discrimination 1-2, ECF No. 41-3. She cited Title VII and the ADA as causes of action. Although she failed to check the form's age discrimination box or cite the ADEA, she did assert that her supervisor selected "younger White team members for promotions, even if they were not qualified." *Id.* at 1.

Dowdell-McElhaney filed her third amended complaint—the operative complaint—on July 27, 2021. She brings claims for age

3

discrimination and retaliation under the ADEA; race discrimination, sex discrimination, and retaliation under Title VII; disability discrimination, failure to provide reasonable accommodation, and retaliation under the ADA; and failure to pay overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## DISCUSSION

Defendants seek partial judgment on the pleadings, arguing that Dowdell-McElhaney failed to exhaust her administrative remedies regarding some claims and that other claims are time-barred.[2] The Court considers each argument below.

**I.  Exhaustion**

A plaintiff must exhaust administrative remedies by filing an EEOC Charge of Discrimination before initiating a Title VII, ADA, or ADEA action. *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam) (Title VII); *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (ADA); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) (ADEA).  This exhaustion requirement enables the EEOC to investigate and remedy the alleged unlawful employment practice.  *Gregory*, 355 F.3d at 1279.  The charge must contain all grounds that the plaintiff later brings in a federal court action, because "allegations of new acts

---

[2] Defendants do not seek dismissal of Dowdell-McElhaney's FLSA claim.

4

of discrimination are inappropriate" in subsequent judicial proceedings. *Id.* at 1279-80. But a plaintiff may bring claims that refine those raised in the EEOC charge if they "related to, or grew out of, the allegations contained in her EEOC charge." *Id.* at 1280.

Defendants argue that the Court should dismiss the following claims for failure to exhaust administrative remedies: (1) ADEA claims based on employment actions other than the First Party Fraud Team decision; (2) ADEA retaliation claims; and (3) Title VII and ADA claims based on Defendants' denial of pay raises, training opportunities, access to internal meetings, and time off from work.

A.  ADEA Claims

Starting with Dowdell-McElhaney's ADEA claims, she alleges in her complaint that Defendants discriminated against her based on age by filling vacancies she applied for with younger, less qualified employees; giving her inadequate pay raises; providing her inadequate training; failing to promote her; and firing her. Dowdell-McElhaney's first Charge raised her non-selection to the First Party Fraud Team as a basis for her claim of age discrimination, and Defendants do not dispute that Dowdell-McElhaney adequately exhausted this claim. Her second Charge, however, did not check the age discrimination box on the form or cite the ADEA, but she did assert that her supervisor selected "younger White team members for promotions, even if they were not

5

qualified." Pl.'s 2d Charge of Discrimination at 1. Given these circumstances, Dowdell-McElhaney exhausted her administrative remedies regarding her age discrimination claims for failure to promote. As to her ADEA claims based upon denial of pay raises, training opportunities, and termination, she did not mention those allegations in her EEOC Charges, and they do not relate to or reasonably grow out of her factual allegations in those Charges. Accordingly, she failed to adequately exhaust those claims, and they are dismissed. Thus, the only ADEA age discrimination claims that survive the pending motion for judgment on the pleadings are her claims based on her non-selection to the First Party Fraud Team and failure to promote.

Turning to Dowdell-McElhaney's claim that Defendants retaliated against her for filing her EEOC charges, Defendants argue that she was required to allege age-specific retaliation facts in an EEOC charge, which she did not do, before she could pursue the retaliation claim in court. Defendants' argument appears to ignore contrary precedent. "[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to raising a judicial claim of retaliation that grows out of an earlier charge," because the Court has ancillary jurisdiction over such claims. *Basel v. Sec'y of Def.*, 507 F. App'x 873, 876 (11th Cir. 2013) (per curiam) (citing *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168-69 (11th Cir. 1988)); *see Hargett v. Valley Fed. Sav.*

*Bank*, 60 F.3d 754, 762 (11th Cir. 1995) (applying this rule to ADEA claims). So, if a plaintiff timely files an EEOC charge alleging age discrimination and later timely files a civil action alleging that she was retaliated against for filing that charge, her failure to file a separate EEOC charge alleging retaliation will not bar the retaliation claim. Accordingly, Dowdell-McElhaney's ADEA retaliation claims that are based on alleged retaliatory conduct that Defendants took because of her EEOC Charges shall not be dismissed.

    B.    Title VII and ADA Claims

In addition to her ADEA claims, Dowdell-McElhaney asserts claims pursuant to Title VII and the ADA based on Defendants' refusal to provide her with pay raises, training opportunities, access to internal meetings, and adequate leave. Defendants argue that she failed to exhaust these claims. Neither of Dowdell-McElhaney's EEOC charges raised these allegations. Therefore, they must be dismissed. Her Title VII and ADA discrimination and retaliation claims for failure to promote and wrongful discharge, however, are not barred for failure to exhaust administrative remedies.

**II. Timeliness**

Defendants argue that Dowdell-McElhaney's claims that were presented to the EEOC were untimely, except her non-selection to the First Party Fraud Team and her termination claims. A Title

VII, ADA, or ADEA plaintiff must file an EEOC Charge of Discrimination within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1) (Title VII); *see* 42 U.S.C. § 12117(a) (adopting Title VII procedures for ADA claims); 29 U.S.C. § 626(d)(1) (ADEA). Failure to file the Charge within that period bars subsequent claims in federal court. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (describing Title VII's statute of limitations). The plaintiff must timely and distinctly charge discrete acts of discrimination. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (offering "termination, failure to promote, denial of transfer, or refusal to hire" as examples of discrete acts); *accord Basel*, 507 F. App'x at 876 (defining discrete acts as "[r]eadily identifiable acts").[3]

The Court previously dismissed Dowdell-McElhaney's Title VII and ADA claims arising from her first Charge. *See Dowdell-McElhaney*, 2021 WL 5413971, at *7 (dismissing all claims under

---

[3] Dowdell-McElhaney argues that the allegations Defendants contest as untimely, including denied promotions and accommodation requests, either provide context or demonstrate a "continuing action." Pl.'s Resp. to Defs.' Mot. for Partial J. on the Pleadings 18, ECF No. 43. But she does not provide authority or plead facts that establish these allegations are continuing actions, not discrete acts. Nor did she check the continuing action box on either Charge. Even accepting the allegations in Dowdell-McElhaney's operative complaint as true, her allegations are discrete acts of discrimination, not continuing actions. *See Morgan*, 536 U.S. at 114-15 (distinguishing discrete acts from continuing violations); *Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 676 (11th Cir. 2015) (per curiam) (recognizing denials of specific accommodation requests are discrete acts).

Title VII and the ADA stemming from the first Charge). Further, she did not allege an ADEA age discrimination claim based on failure to promote until the second Charge. So, the issue presented by the present motion is whether the claims stemming from her second Charge were timely. Since she filed her second Charge on April 27, 2021, the alleged adverse employment action must have occurred on or after October 29, 2020 to be timely. Thus, to the extent Dowdell-McElhaney asserts claims (other than those based on her non-selection to the First Party Fraud Team) that accrued before October 29, 2020, those claims are time-barred and therefore dismissed.

## CONCLUSION

The Court grants in part and denies in part Defendants' motion for partial judgment on the pleadings (ECF No. 41). The Court dismisses all claims except Dowdell-McElhaney's (1) ADEA claim based on her non-selection to the First Party Fraud Team; (2) retaliation claims related to other claims that are not dismissed; (3) Title VII, ADA, and ADEA claims related to allegations in the second Charge which occurred on or after October 29, 2020; and (4) FLSA claim.

IT IS SO ORDERED, this 8th day of March, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA