UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHERRELL DOWDELL-MCELHANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:20-CV-00289-CDL |
| GLOBAL PAYMENTS INC. AND ) | |
| TOTAL SYSTEM SERVICES, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Defendants Total System Services, LLC ("TSYS") and Global Payments Inc. ("GPI") (collectively, "Defendants") established in their initial brief (Doc. 57-1) that they are entitled to summary judgment on all of McElhaney's claims of discrimination and retaliation. McElhaney's Response (Doc. 65) does nothing to change that, as it relies merely on McElhaney's conclusions and unsupported beliefs which do not establish that Defendants acted with discriminatory intent or actually discriminated against her.

Undoubtedly, McElhaney strongly believes she has been mistreated. However, she took no depositions. She submitted no declarations with her Response. Thus, she has no *evidence* to support her strongly-held views. And in the face of a properly supported motion for summary judgment, her speculative views and rank hearsay are not enough to defeat summary judgment. Kernel Records Oy v. Mosley, 694 F.3d 1294, 1301 (11th Cir. 2012) ("[I]nferences based upon speculation are not reasonable."); Chapman v. AI Transp.,

229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*) (noting that an employee cannot prevail "by simply quarreling with the wisdom of" the employer's decisions as long as the decisions are not motivated by a discriminatory animus); Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999) (hearsay cannot be considered on summary judgment). Accordingly, Defendants are entitled to summary judgment on each of McElhaney's claims.[1]

## ARGUMENT AND CITATION OF AUTHORITY

As shown below, McElhaney has repeatedly relied upon her own speculations and personal beliefs to support her claims against Defendants, rather than submitting evidence to rebut the facts showing that her own performance caused her termination.[2] Accordingly,

---

[1] As a threshold matter, GPI is entitled to summary judgment because it was not McElhaney's employer. Contrary to the standards in cases cited by McElhaney (Doc. 65 at 5-6), she fails to effectively refute that GPI had no influence over the employment decisions about which she complains in this case. (Doc. 57-5, Luck Dec., ¶¶ 3-4). For the proposition that GPI and TSYS "appear to have common management" (Doc. 65-1, ¶ 2), McElhaney cites portions of Loretta Owen's declaration which mention nothing about GPI. (Doc. 57-6, Owen Dec., ¶¶ 2-3). Accordingly, GPI should be dismissed as a defendant. Williamson v. Adventist Health System/Sunbelt, Inc., 372 Fed. Appx. 936, 939 (11th Cir. 2010).

[2] Indeed, McElhaney responds to the great majority of facts in Defendants' Statement of Facts as "Undisputed" or, after relating additional facts, concedes the fact "is not in dispute." (See generally Doc. 65-1). Local Rule 56 admonishes: "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." Notwithstanding this admonition, McElhaney often responds that a Statement is "disputed" without providing any supporting evidentiary citation. (Doc. 65-1, ¶¶ 36, 37, 59, 70). Of these Statements of Fact, the last is particularly important – it asserts that the TSYS managers terminated McElhaney's employment for legitimate, document-supported performance reasons. This foreshadows McElhaney's inability to prove pretext. McElhaney's responses to Statements of Fact 57 and 64 are also

each of her claims fails.

## I. McElhaney abandoned her claim that Defendants violated the Fair Labor Standards Act.

McElhaney does not oppose Defendants' summary judgment motion related to her Fair Labor Standards Act ("FLSA") claim, and Defendants are entitled to summary judgment on that claim for that reason (in addition to the reasons stated in their initial brief). See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994) (holding claim properly dismissed as abandoned due to party's failure to address same at summary judgment). Not only does McElhaney make no mention of the FLSA claim in her response brief, but she also does not dispute that she had no issues with receiving overtime pay, that the timekeeping system was a "good system," and that she was not aware of any week in which she worked overtime hours and was not paid time and a half.[3] Thus, Defendants are entitled to summary judgment on the FLSA claim.

## II. Defendants are entitled to summary judgment on McElhaney's age discrimination claim as it relates to the First Party Fraud Team.

---

telling. In response to Statement of Fact 57, McElhaney goes on for three pages with speculation and suggestion that McElhaney merely could not hear the cardholder say hello on the call and her notations of the call were not inaccurate. (Doc. 65-1, ¶ 57). In direct contrast, she admits Statement of Fact 64 that she had become overwhelmed, which may have "played a part in dropped calls and notating accounts." (Doc. 65-1, ¶ 64). Thus, while McElhaney attempts to dispute certain facts, even those efforts are not supported by the record as a whole.

[3] In her Response to Defendants' Statement of Undisputed Material Facts, McElhaney expressly admits the facts contained in Paragraphs 20-30 of Defendants' Statement of Undisputed Material Facts. (See Pl. Resp. to Defs. SUMF, October 31, 2022, Doc. 65-1).

### A. Non-Selection to the First Party Fraud Team did not constitute a materially adverse action.

TSYS's decision not to place McElhaney on the First Party Fraud ("FPF") Team is not the kind of "serious and material change" in the terms, conditions, or privileges of her employment necessary to prove an adverse employment action. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001). Significantly, the Davis court observed:

> Although the statute does not require proof of direct economic consequences in all cases, the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment. … Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances.

Davis, 245 F.3d at 1239. Here, it is undisputed that McElhaney experienced no consequences (economic, professional, or otherwise) due to TSYS's decision not to place her on the FPF Team.

As Defendants established in their initial brief, the individuals selected for the FPF Team (Michael Murphy, Gavin Duke, and Samuel Garner) experienced no impact on their pay or titles when they were selected to the FPF Team in April and May 2019 (Doc. 57-3, Yarbrough Dec., ¶ 5; Doc. 57-4, Anderson Dec., ¶¶ 7-8). McElhaney responds in three ways, none of which are persuasive or sufficient to defeat summary judgment.

First, McElhaney contends that the percentage wage increase in April 2019 was greater for Duke and Garner than it was for McElhaney. (Doc. 65 at 8). However, these wage increases were not related to the FPF Team selections; they were related to the Company's annual merit increase process. In 2019, Duke and Garner received their first

merit increases as employees since their initial hire. (Doc. 57-3, Yarbrough Dec., Ex. A).[4] Furthermore, these April 2019 merit increases had been decided months beforehand, as shown by the February 14, 2019 memo to McElhaney explaining her upcoming pay increase for April 1. (Doc. 58-2 at 55, P Dep., Ex. 3). Thus, the FPF Team selections could not have been a consideration. (Doc. 57-3, Yarbrough Dec., ¶¶ 4-5).

Second, ignoring Company records, McElhaney simply relies on the hearsay statement of an employee "she believed had been" Murphy that he received a raise in conjunction with his placement on the FPF Team. (Doc. 65-1, ¶ 35). To the contrary, Murphy did not receive *any* pay increases in or around April and May of 2019. In fact, after being selected to the FPF Team, Murphy did not receive any increase in compensation until almost a year later (February 2020), which still left him over two dollars an hour below McElhaney's rate. (Doc. 57-3 at 7, Yarbrough Dec., Ex. A). And, although conveniently ignored by McElhaney, as of April 1, 2019, McElhaney's pay ($15.34/hour) was almost three dollars per hour more than the next closest colleague selected to the FPF Team – Duke ($11.82), Murphy ($12.50), Garner ($11.82). (Doc. 57-3 at 6-8, Yarbrough Dec., Ex. A).

Third, McElhaney *suggests* that Garner's promotion – five months after his placement on the FPF team – *might* have been the product of his team membership. (Doc.

---

[4] McElhaney had received two merit increases prior to April 2019 and those increases were a significantly higher percentage than that of Duke and Garner in 2019. While Duke and Garner received an increase of 2.78% from their initial hire compensation to their first merit increase, McElhaney received a 4.49% increase in pay from her initial compensation to her first merit increase. (Doc. 57-3, Yarbrough Dec., Exs. A and B).

65 at 8-9). This is raw speculation. Although McElhaney may have preferred to be on the FPF Team, her feelings about not being selected are not evidence and do not establish that she experienced an adverse action.[5]

### B. TSYS decided not to place McElhaney on the FPF Team based on its observation of her skill set.

Even if McElhaney were somehow able to show that non-selection to the FPF Team resulted in an adverse action, McElhaney cannot show that the decision was discriminatory. There is absolutely no evidence that the decision not to place McElhaney on the FPF Team was based on her age. Rather, the undisputed record shows that it was based on a legitimate, nondiscriminatory reason – her supervisor's direct observation of her skill set at the time. (Doc. 57-4, Anderson Dec., ¶¶ 6-7). Although McElhaney points out her supervisor (Anderson) was complimentary of her earlier performance as a Fraud Analyst II and a member of the Review Later Team (Doc. 65 at 10), it is undisputed that the FPF Team required that the team member make calls where the nature of the fraud was less certain and deal with gathering and responding to new information from cardholders that may be upset. (Doc. 57-4, Anderson Dec., ¶¶ 6-7). Thus, the fact that she met general expectations in her Fraud Analyst II role and on the Review Later team did not necessarily mean she possessed the skills for success on the FPF Team. Simply stated, McElhaney has offered no evidence that the decision was because of her age. Accordingly, Defendants are

---

[5] The decision not to promote or transfer an employee based on the employee's subjective preference is generally not regarded as an adverse action, absent some evidence that the employee suffered a material loss of pay, prestige, or other quantifiable benefit. See Barnhart v. Wal–Mart Stores, Inc., 206 Fed.Appx. 890, 893 (11th Cir. 2006) (denial of lateral transfer to another position does not constitute an adverse action).

entitled to summary judgment on this age discrimination claim.

### III. Defendants are entitled to summary judgment on McElhaney's retaliation claim based on a one-day suspension.

McElhaney now concedes that a retaliation claim based on her one-day suspension without loss of pay is not actionable, stating her "allegations concerning said one-day suspension are *merely background* to [McElhaney's] retaliation claim, and was [sic] not intended as an independent claim." (Doc. 65 at 11) (emphasis added). This is appropriate, as courts have consistently held that being placed on administrative leave pending an internal investigation is not an adverse employment action. Carrio v. Apollo Grp., Civil Action No. 1:07-CV-1814BBM, 2009 WL 2460983, at *15 (N.D. Ga. Aug. 7, 2009).

But, even if McElhaney had not rightly conceded this point, the undisputed evidence establishes that McElhaney's suspension was unrelated to her filing an EEOC Charge and, therefore, her retaliation claim also fails on that basis. As shown in their initial brief, TSYS's business requires a high level of security because employees have access to confidential and personal customer information, including, but not limited to credit card account numbers and customer banking and financial information (Doc. 57-1 at 8; Doc. 57-3, Yarbrough Dec. ¶ 3); making copies in the call center was generally prohibited (id.); and once her supervisor's approval to make copies was confirmed, she was returned to work with no loss of pay. (Doc. 58-1, P Dep. 91:19-23, 96:23-97:14; Doc. 57-3, Yarbrough Dec., ¶ 3). Moreover, the fact that McElhaney's supervisor (Anderson) approved her request, knowing that McElhaney was making copies for the purpose of gathering documentation to support her discrimination claim against TSYS, demonstrates there was

no retaliatory animus. (Doc. 57-3, Yarbrough Dec., ¶ 3).

## IV. **Defendants are entitled to summary judgment on McElhaney's termination claims of discrimination and retaliation.**

### A. McElhaney has not shown a *prima facie* case.

McElhaney first attempts to side-step a *prima facie* case, arguing baldly that she has established *prima facie* cases of discrimination and retaliation without any further explanation. (Doc. 65 at 12). Later, she suggests that *Defendants* did not identify comparators. (Id. at 15). However, identifying proper comparators is part of *her* burden to prove a *prima facie* case, and she failed to meet it. Lewis v. City of Union City, Georgia, 918 F.3d 1213, 1217 (11th Cir. 2019). McElhaney then suggests that two groups who engaged in different behaviors should be considered comparators.

However, the first group is irrelevant because McElhaney's own promotion claims are untimely under the limitations date this Court determined in a March 8, 2022 ruling. (Doc. 50 at 7-9) (only employment actions on or after October 29, 2020 are timely).[6]

As to the second group, allegedly involved in a large loss, that conduct is materially different from hers. Since McElhaney did not know their situation to involve call avoidance behavior (Doc. 58-1, P Dep. at 175:10-23; 177:19-24), the loss behavior, if true,

---

[6] McElhaney's last application for promotion was on September 12, 2019. (Doc. 58-2 at 60; P Dep., Ex. 7). McElhaney's second EEOC Charge was filed over a year and a half later on April 27, 2021. (Id., Ex. 11). Thus, her last promotion claim is not within 180 days of the EEOC Charge and is not encompassed in this case. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). Accordingly, a group of employees McElhaney claims received promotions that she was denied due to her race are not comparators for any viable claim.

does not make them comparators because the behavior was different than hers. Lewis II, 918 F.3d at 1218.[7]

McElhaney also has no *prima facie* case of retaliation. She postulates that TSYS might have been motivated to terminate her on November 18, 2020, because her period to sue based on the dismissal of her first EEOC Charge was imminent (Doc. 65 at 14). But she has not presented any evidence that the *managers* who terminated her knew of that 90-day period. And since it had been over a year since the September 2019 filing of her first EEOC Charge, she cannot show a causal connection between it and her termination. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (finding three-to-four-month disparity between statutorily protected expression and adverse employment action not close enough to avoid dismissal as a matter of law). Thus, McElhaney has not shown a *prima facie* case, and her termination claims should be dismissed.

**B.     McElhaney has not shown – and cannot show – pretext.**

Defendants have articulated a legitimate non-discriminatory, non-retaliatory, and non-pretextual reason for terminating McElhaney's employment. That reason is supported by abundant documentation, an audio recording, and undisputed testimony supporting TSYS's basis for termination. In response, McElhaney does not deny making errors; she

---

[7] Moreover, for the three employees McElhaney identified as having been involved in a large loss (Doc. 65 at 15-16), McElhaney did nothing to refute TSYS's proof that it has no record of having employed a Jason Petty, and, while there is discipline for certain issues regarding Lauren Nelson, a White female, and Troy Johnson, an Asian male, there is no discipline for their involvement in any loss. (Doc. 57-8, Sanders Dec., ¶ 4). Thus, they were either not involved in a loss or, after investigation, they were found to have followed TSYS's processes and no discipline was warranted. (Id.) This evidence stands unrefuted.

simply contends they were not intentional. (Doc. 65 at 13-14). But her intentionality does not matter and does not somehow establish pretext.

Defendants showed in exhaustive detail (including comparing recorded calls to her entries for those calls in TSYS's system) that – even after having been warned a week earlier – McElhaney continued to avoid multiple calls and entered incorrect and misleading information about her cardholder interactions. (Doc. 57-6, Owen Dec., ¶ 19, Att. B). Rather than address that reason directly, McElhaney refers to her five-year tenure, contends the calls at issue are 0.76% of her monthly accounts worked, and rehearses a litany of past grievances over promotions and other issues already addressed in this reply. (Doc. 65 at 13-18). However, at no point does she meet Defendants' explanation head on and rebut it with evidence that it was not credible or was a subterfuge for discrimination or retaliation. Hornsby-Culpepper v. Ware, 906 F.3d 1302, 1313 (11th Cir. 2018) (finding plaintiff is not allowed to merely recast employer's proffered reason or substitute her business judgment for employer's).[8] In light of Defendants' extensive and detailed evidence, which McElhaney does not and cannot refute, Defendants are entitled to summary judgment on McElhaney's termination claims.

---

[8] TSYS need not wait for the bank clients or the cardholders to complain (as the cardholder and State Farm Bank did, to initiate the investigation into McElhaney's conduct) before acting; it has a past practice of disciplining and then terminating employees for call avoidance and errors, as it did with Brandon Ford, Ashley Fearson, and Kelli Howard. (Doc. 57-6, Owen Dec., ¶ 20). Although McElhaney contends that these three employees are not perfect comparators to her situation (Doc. 65 at 15), they demonstrate a consistency in addressing similar behavior, which dispels any notion that McElhaney was the victim of discrimination, or that Defendants' stated reason for her termination is a pretext for unlawful discrimination. Mizell v. Miami-Dade Cnty., Fla., 342 F. Supp. 2d 1084, 1090 (S.D. Fla. Oct. 22, 2004), aff'd, 147 F. App'x 871 (11th Cir. 2005).

## **CONCLUSION**

For each of the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Summary Judgment in its entirety, enter an order dismissing all claims in McElhaney's Third Amended Complaint with prejudice, and grant Defendants any other appropriate relief.

Respectfully submitted, this 28th day of November 2022.

                                          *s/Patrick L. Lail*
                                          Patrick L. Lail
                                          Georgia Bar No. 431101
                                          lail@elarbeethompson.com
                                          Pamela E. Palmer
                                          Georgia Bar No. 882599
                                          palmer@elarbeethompson.com

                                          ELARBEE, THOMPSON, SAPP &
                                          WILSON, LLP
                                          800 International Tower
                                          229 Peachtree Street, N.E.
                                          Atlanta, Georgia 30303
                                          Telephone: (404) 659-6700
                                          Facsimile: (404) 222-9718
                                          *Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| SHERRELL DOWDELL-MCELHANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 4:20-CV-00289-CDL |
| GLOBAL PAYMENTS INC. AND TOTAL SYSTEM SERVICES, LLC | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2022, I served a true and correct copy of **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by filing the same with the Clerk of Court using CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Kenneth E. Barton III
keb@cooperbarton.com

*s/ Patrick L. Lail*
Patrick L. Lail
Georgia Bar No. 431101

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718
*Counsel for Defendants*